UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSAURA GONZALEZ
RODRIGUEZ,

    Plaintiff,

v.                                Case No.:  6:21-cv-1663-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

## OPINION AND ORDER

Plaintiff Rosaura Gonzalez Rodriguez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.     Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

   **A.     Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

   **B.     Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on October 10, 2016, alleging disability beginning July 15, 2016. (Tr. 113, 341-42). The application was denied initially and on reconsideration. (Tr. 113, 132). Plaintiff requested a hearing and a hearing was held on December 7, 2018, before Administrative Law Judge ("ALJ") Jeffrey Ferguson. (Tr. 78-98). On March 12, 2019, the ALJ entered a decision finding Plaintiff not disabled from July 15, 2016, through the date of the decision. (Tr. 140-150). Plaintiff requested review of the hearing decision, and the Appeals Council granted review and enter an Order remanding the case to the ALJ. (Tr. 158-159). The Appeals Council found the ALJ had relied in part on medical records for another claimant, the record contained treatment records not translated from Spanish to English, and the ALJ had not properly evaluated the opinion of Karen Marrero, M.D., a consultative examiner. (Tr. 158). On remand, the Appeals Council directed the ALJ to ensure that the record related to Plaintiff, ensure that all necessary documents were translated to English, and give further consideration to Plaintiff's maximum RFC and provide rationale with specific references to evidence of record in support of the assessed limitations. (Tr. 159).

On remand, the ALJ held a second hearing on January 19, 2021. (Tr. 55-77). On February 18, 2021, the ALJ entered a decision finding Plaintiff not disabled from

July 15, 2016, through the date of the decision. (Tr. 21-34). Plaintiff requested review of this hearing decision, but the Appeals Council denied Plaintiff's request on August 3, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on October 7, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 20).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021. (Tr. 24). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 15, 2016, the alleged onset date. (Tr. 38). At step two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia, atherosclerosis of the bilateral hips and left knee, degenerative joint disease of the lumbar spine, a major depressive disorder, a generalized anxiety disorder, and a bipolar disorder." (Tr. 24). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light

> work as defined in 20 CFR 404.1567(b) with these specific restrictions: she can frequently operate foot controls with her left lower extremity; she can frequently climb ramps and stairs; she can occasionally climb ladders, ropes and scaffolds; she can frequently kneel and crouch; she can occasionally balance, stoop and crawl; she can frequently handle and finger with her bilateral upper extremities; she must avoid concentrated exposure to vibration and workplace hazards such as moving machinery, moving mechanical parts and unprotected heights; she can understand and remember simple instructions; and she can maintain adequate concentration over the course of a normal eight-hour workday to perform simple, repetitive tasks.

(Tr. 27).

At step four, the ALJ relied on the vocational expert's testimony to find Plaintiff was incapable of performing her past relevant work as secretary and data entry clerk. (Tr. 31). At step five the ALJ considered Plaintiff's age (41 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, and found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 31-32). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) merchandise marker, DOT 209.587-034,[1] light, SVP 2

(2) routing clerk, DOT 222.587-038, light, SVP 2

(3) cashier, DOT 211.462-010, light, SVP 2

(Tr. 32). The ALJ concluded that Plaintiff had not been under a disability from July 15, 2016, through the date of the decision. (Tr. 34).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

**II.     Analysis**

On appeal, Plaintiff raises the issue of whether the ALJ applied the correct legal standards to Dr. Marrero's opinion. (Doc. 22, p. 8). Plaintiff argues that the ALJ made a conclusory finding that Karen Marrero, M.D.'s opinion was not well supported by her examination record, but failed to cite any examination findings. (Doc. 22, p. 10). Plaintiff also argues that contrary to the ALJ's finding, Dr. Marrero's examination did reveal physical findings that supported her opinion. (Doc. 22, p. 11). The Commissioner contends that the ALJ thoroughly discussed Plaintiff's physical treatment records and these records support the ALJ's RFC assessment. (Doc. 22, p. 16). The Commissioner also contends that the ALJ properly applied the regulations to Dr. Marrero's opinion and substantial evidence supports affording little weight to it. (Doc. 22, p. 17).

Because Plaintiff applied for benefits before March 27, 2017, which is before the change in regulations, 20 C.F.R. § 404.1527 applied to Dr. Marrero's opinion. Under the prior regulations, at step four, an ALJ must properly consider treating, examining, and non-examining physician's opinions and weigh these opinions and findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician offers an opinion concerning the nature and severity of a claimant's impairments—including the claimant's symptoms, diagnosis, and prognosis; physical and mental

restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Even though examining doctors' opinions are not entitled to deference, an ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at \*2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and

explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

In the decision, the ALJ summarized Dr. Marrero's evaluation findings and afforded little weight to her opinion:

> Karen Marrero, M.D., examined the claimant in December of 2016. (Exhibit 5-F) Her diagnoses included fibromyalgia, a major depressive disorder, and hypothyroidism. (Exhibit 5- F, page 3) Dr. Marrero was of the opinion the claimant is able to bend, stand, walk, and carry/lift for four hours in an eight-hour workday with frequent breaks. She stated that the claimant is able to sit, handle objects, hear, speak, write, and travel with regular breaks. She noted that the claimant should avoid repetitive hand/arm movements. She noted work-related mental activities could be performed three to four hours out of an eight-hour workday. (Exhibit 5-F, page 4) Dr. Marrero's opinion is not well supported by her examination report; the record fails to establish her credentials for assessing mental impairments and mental limitations. The opinion is not consistent with other evidence; no other source has identified the extreme degree of limitation identified by Dr. Marrero. I have placed little weight on Dr. Marrero's opinion.

(Tr 29).

As to Dr Marrero's finding that Plaintiff's "work-related mental activities could be performed three to four hours out of an eight-hour workday," the ALJ correctly noted that the record failed to establish Dr. Marrero's credentials for assessing mental impairments and mental limitations. (Tr. 29). Plaintiff does not contest this fact and points out that the Department of Disability Determinations

referred Plaintiff for a consultative physical, not mental, examination. (Doc. 22, p. 11). As a result, substantial evidence supports the ALJ's determination to afford little weight to Dr. Marrero's opinion on Plaintiff's mental impairments.

Turning to Dr. Marrero's opinion on Plaintiff's physical limitations, she found that Plaintiff was "expected to bend, stand, walk, carry/lift four hours out of an eight-hour workday with frequent breaks; otherwise able to sit, handle objects, hear, speak, write, and travel with regular breaks. Avoid repetitive hand/arm movements." (Tr. 1023). The ALJ found two reasons to afford little weight to this opinion: first, the ALJ found this opinion conflicted with other evidence; and second, no other source identified such extreme limitations. (Tr. 29). Plaintiff argues that these are conclusory finding. Plaintiff asserts that the ALJ failed to discuss any medical evidence and argues that Dr. Marrero's examination findings were consistent with the examination findings of treating physician, Edgar A. Martorell, M.D. (Doc. 22, p. 12). Plaintiff claims that both Dr. Marrero and Dr. Martorell found tenderness over fibromyalgia trigger points. (Doc. 22, p. 12).

In the decision, the ALJ considered Dr. Marrero's opinion noting that she examined Plaintiff in December 2016, for a consultative examination. (Tr. 29). The ALJ noted that the opinion was inconsistent with the record as a whole, providing an example that no other source identified the extreme degree of limitation identified by Dr. Marrero. (Tr. 29). While Dr. Martorell may have agreed as to tender points

in support of a fibromyalgia impairment, Plaintiff does not assert that Dr. Martorell provided a physical functional analysis that supports the extreme limitations found in Dr. Marrero's opinion.

Later in the decision, the ALJ discussed the State Agency physician's opinion who reviewed the matter at the reconsideration determination level and found that Plaintiff was:

> able to work at the light exertion level. It was noted that she could frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. It was noted that she could frequently balance, kneel, and crouch. It was noted that she could occasionally stoop and crawl. (Exhibit 4-A, pages 10 and 11) It was noted that she should avoid concentrated exposure to vibration. (Exhibit 4-A, page 12)

(Tr. 30). The physical limitations expressed in this opinion conflict with those found in Dr. Marrero's opinion. (*Compare* Tr. 1023, *with* Tr. 30). The ALJ afforded great weight to this opinion and found that this opinion was consistent with the record as well as this source had program knowledge with respect to the criteria used by the Social Security Administration. (Tr. 30). The ALJ adopted some limitations from this opinion in the RFC, but also included addition limitations, such as occasionally rather than frequently, balancing, stooping, and crawling. (*Compare* Tr. 27, *with* Tr. 30). Plaintiff has not shown that any other source provided a physical functional assessment that contained as extreme limitations as found by Dr. Marrero. Here, the ALJ stated with particularity the weight he afforded Dr. Marrero's opinion and the

reasons therefor. Plus, the Court may not give deference to Dr. Marrero's opinion as a one-time examining physician, and the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Here, substantial evidence supports the ALJ's decision to afford little weight to Dr. Marrero's opinion and supports the ALJ's RFC assessment.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties